UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REGINALD H. JONES                                         CIVIL ACTION

VERSUS                                                    NO. 18-7454

KEITH DEVILLE, WARDEN                                     SECTION: "B"(3)

## REPORT AND RECOMMENDATION

Petitioner, Reginald H. Jones, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be dismissed without prejudice.

On April 2, 2018, petitioner was convicted of aggravated assault with a firearm, possession of a firearm by a convicted felon, and obstruction of justice.[1] On August 2, 2018, he was found to be a multiple offender and sentenced as such on each conviction to a concurrent term of twenty years imprisonment.[2] On February 27, 2019, the Louisiana Fourth Circuit Court of Appeal affirmed his convictions and sentences.[3]

In the interim, petitioner, through counsel, filed the instant federal application seeking habeas corpus relief in August of 2018.[4] The state has filed a response in opposition arguing that the petition should be dismissed because petitioner's convictions are not yet final and his claims are unexhausted.[5]

---

[1] State Rec., Vol. 8 of 9, transcript of April 2, 2018, pp. 77-78; State Rec., Vol. 1 of 9, minute entry April 2, 2018; State Rec., Vol. 3 of 9, jury verdict forms.
[2] State Rec., Vol. 8 of 9, transcript of August 2, 2018; State Rec., Vol. 1 of 9, minute entry dated August 2, 2018.
[3] State v. Jones, No. 2018-K-0973, 2019 WL 959790 (La. App. 4th Cir. Feb. 27, 2019).
[4] Rec. Doc. 5.
[5] Rec. Doc. 25.

As noted, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences on February 27, 2019.  Therefore, his time for seeking further direct review by the Louisiana Supreme Court has not yet expired.  See La. S. Ct. Rule X, § 5(a) ("An application seeking to review a judgment of the court of appeal … after an appeal to that court … shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing.").  As a result, his state criminal judgment is not yet final for federal habeas purposes.  See 28 U.S.C. § 2244(d)(1)(A) (for federal habeas purposes, a state criminal judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review").

Further, as also correctly noted in the state's response, petitioner clearly is not entitled to relief because his remedies in the state courts are not yet exhausted.  "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  Moreover, "total exhaustion" is required, meaning that the exhaustion requirement is not met unless each and every claim in the federal application is exhausted.  Rose v. Lundy, 455 U.S. 509 (1982).  The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.  Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a

> constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Id. at 518 (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). Because petitioner has not yet provided the Louisiana Supreme Court with a fair opportunity to consider the claims included in his instant federal application, he has failed to comply with the federal exhaustion requirement. Accordingly, his federal application should be dismissed on that basis. See, e.g., Thompkins v. Ford, Civ. Action No. 18-1870, 2018 WL 3545164 (E.D. La. June 28, 2018), adopted, 2018 WL 3533551 (E.D. La. July 23, 2018); Billizone v. Louisiana, Civ. Action No. 16-12659, 2016 WL 7984351 (E.D. La. Dec. 19, 2016), adopted, 2017 WL 367639 (E.D. La. Jan. 25, 2017); Schwertz v. Angola State Prison, Civ. Action No. 09-7234, 2010 WL 836566 (E.D. La. Mar. 8, 2010).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** the federal application for habeas corpus relief filed by Reginald H. Jones be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this sixth day of March, 2019.

                                              */s/ Dana M. Douglas*
                                              **DANA M. DOUGLAS**
                                              **UNITED STATES MAGISTRATE JUDGE**